UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

LETTER REPORT AND RECOMMENDATION

July 22, 2014

Re:   Deutsche Bank National Trust Company v. Gerod Parker, et al.
      Civil Action No.: 14-3074 (JLL) (JAD)

Counsel:

This matter comes before the Court, on its own motion, after the Court's review of Defendant Gerod Parker's Notice of Removal, (ECF No. 1), as well as Mr. Parker's letter in response to the Court's Order to Show Cause, (ECF No. 6, 7), and Memorandum in Opposition to Remand. (ECF No. 8). On June 5, 2014, this Court ordered Defendant Parker to provide a copy of the Complaint that Plaintiff filed in the New Jersey Superior Court, and to provide a brief explaining why this case should not be remanded for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 3). For the reasons set forth below, this Court finds that Defendant has failed to establish that the District Court has subject matter jurisdiction over this matter and respectfully recommends that the District Court sua sponte **REMAND** this case to the New Jersey Superior Court.

This Court provided a summary of the relevant factual and procedural background for this matter in its Order to Show Cause, (ECF No. 3 at 1-2), and the Court incorporates that discussion herein by reference. The Court, however, reiterates the applicable legal standards.

The Court has a continuing responsibility to raise the issue of subject matter jurisdiction sua sponte when, as here, it is in question. See, e.g., Bracken v. Matgouranis, 296 F.3d 160, 162

(3d Cir. 2002). The Court notes that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). Here, Defendant Parker ostensibly argues that the District Court may exercise "federal question" subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain "unlawful foreclosure proceedings" implicate the Fair Debt Collection Practices Act. (Notice of Removal, ECF No. 1). That is the only potential basis for jurisdiction that can be gleaned from Defendant's Notice of Removal. (Id.).

"The presence or absence of a federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Palmer v. Univ. of Med. & Dentistry of N.J., 605 F. Supp. 2d 624, 632 (D.N.J. 2009) (finding that, in an employee action against employer and supervisor raising a state law retaliation claim, employers could not remove the case based solely on supervisor's cross-claim alleging that his employment was terminated in violation of the First Amendment). Moreover, "for both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question." Id. at 633 (quoting Redevelopment Agency of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003)) (emphasis added); see also Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J. 2013) ("[t]he removability of a legal matter is determined from the plaintiff's pleadings at the time of removal"). Indeed, the Unites States Supreme Court has found, in no uncertain terms, that a counterclaim asserting a federal cause of action is not

2

sufficient to establish "federal question" jurisdiction under 28 U.S.C. §1331. Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002).

Here, Defendant Parker has neither established that this Court has subject matter jurisdiction over this matter nor complied with this Court's June 5, 2014 Order. (ECF No. 3). In that Order, the Court required Defendant Parker to submit a copy of the Complaint that Plaintiff filed against him in the New Jersey Superior Court (as Defendant did not include that pleading when filing his notice of removal). The Court required that pleading so that it could determine whether Defendant's invocation of federal subject matter jurisdiction and, in turn, Defendant's removal, were legally proper. Despite the Court's Order, Defendant failed to supply the Court with Plaintiff's Complaint. Although Defendant did append a complaint to his June 26, 2014 letter, (ECF No. 7), the attached document appears to be an unfiled pleading that Defendant himself drafted. Even if that document could be considered to be a counterclaim, it would still be insufficient to establish the District Court's subject matter jurisdiction over this case. As explained above, the propriety of removal is determined from the allegations made in the plaintiff's original complaint and not in a defendant's potential counterclaims. The Court takes no position of the validity of the claims set out in Defendant Parker's new "complaint." The Court simply notes that, even if the claims contained therein are meritorious, they do not create an opportunity for Defendant to remove the existing case to federal court. While this Court has construed the pro se Defendant's submissions liberally and has provided Defendant adequate time to cure his deficiencies, this matter may not proceed in federal court as Defendant has not established that the District Court has subject matter jurisdiction over the parties' dispute.

## CONCLUSION

Based on the foregoing, this Court recommends that the District Court sua sponte **REMAND** this matter to the New Jersey Superior Court.[1]

The Clerk's Office shall send a copy of this Letter Report and Recommendation to Defendant Gerod Parker, by both regular and certified mail, at the following address: 270 Clark Street, Hillside, New Jersey 07205. The Clerk's Office Shall also send a copy to the law firm of Phelan Hallinan & Diamond, PC (Plaintiff's counsel in the Superior Court), by both regular and certified mail, at the following address: 400 Fellowship Road, Suite 100, Mt. Laurel, NJ 08054.

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares, U.S.D.J.

---

[1] In light of Defendant Parker's pro se status, the Court stresses that Mr. Parker must file any objections to this Report and Recommendation within the time limit dictated in Federal Rule of Civil Procedure 72(b)(2).

4