NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY,<br><br>                     Plaintiffs,<br><br>v.<br><br>GEROD PARKER, ET AL.,<br><br>                  Defendants. | Civil Action No.: 14-3074 (JLL)(JAD)<br><br><br>OPINION |

**LINARES,** District Judge**.**

This matter comes before this Court, by way of Defendant Gerod Parker ("Defendant")'s objection to a Report and Recommendation issued by the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to Federal Rule of Civil Procedure 72(b)(2). This matter came before Magistrate Judge Dickson, on the Court's own motion, after the Court's review of Defendant's Notice of Removal, (ECF No. 1), as well as Defendant's letter in response to the Court's Order to Show Cause, (ECF Nos. 6,7), and Memorandum in Opposition to Remand. (ECF No. 8). On June 5, 2014, Magistrate Judge Dickson ordered Defendant to provide a copy of the Complaint that Plaintiff Deutsche Bank Nation Trust Company ("Plaintiff") filed in New Jersey Superior Court and to provide a brief explaining why this case should not be remanded for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 3). On July 22, 2014,

Magistrate Judge Dickson filed a Report and Recommendation in which he recommended that this Court *sua sponte* remand this case to New Jersey Superior Court because Defendant failed to establish that the District Court had subject matter jurisdiction. On August 1, 2014, Defendant filed an Objection to Magistrate Judge Dickson's Report and Recommendation. (ECF No. 13). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Magistrate Judge Dickson's Report and Recommendation and **REMANDS** this case to New Jersey Superior Court.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On May 13, 2014, Defendant filed a Notice of Removal concerning a foreclosure action that appears to have been pending in New Jersey, Chancery Division, Union Vicinage since 2008.[1] As the basis for removal, Defendant asserted that certain "unlawful proceedings" were occurring in violation of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq. It appears that Defendant therefore contends that the Court may exercise "federal question" subject matter jurisdiction pursuant to 28 U.S.C. § 133. (See Notice of Removal, ECF No. 1). Defendant also attached a "Letter of Complaint" to his Notice of Removal. (ECF No. 1-1). The letter of Complaint states, in pertinent part that, "[m]ovant, Gerod A. Parker, is filing a complaint of and [sic] unlawful proceeding in violation of the Fair Debt Collection Practice Act and the Truth in Lending Act." (Id.).

Magistrate Judge Dickson ordered Defendant to file a copy of the Plaintiff's Complaint in the underlying matter, as well as a brief demonstrating why this matter should not be

---

[1] Magistrate Judge Dickson drew this conclusion based on the docket number assigned to the Superior Court action (F-133380-08). While Defendant has filed various documents (motions, an order to show cause, a writ of execution) associated with that case, he has not provided Magistrate Judge Dickson with the Complaint or any other proceedings, despite the requirements of 28 U.S.C. § 1446(a).

remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction. (ECF No. 3-3). The Court required the complaint in order to determine whether Defendant's removal based on an assertion of federal subject matter jurisdiction was legally proper. After Defendant failed to comply with Magistrate Judge Dickson's June 5th Order, (ECF No. 3), the Court, *sua sponte*, issued a Report and Recommendation indicating that Defendant failed to supply the Court with the complaint. Instead, Defendant attached a document to his June 26, 2014 letter, (ECF No. 7), which the Court believes to be an unfiled pleading that the Defendant himself drafted. (ECF No. 11-3) Even if the attached document could be construed as a counterclaim, the Court determined that it would still be insufficient to establish federal subject matter jurisdiction over this case. (Id.)

Judge Dickson noted that the propriety of removal is based upon the allegations in a plaintiff's original complaint, not those in a defendant's counterclaims. (Id.) The court concluded that even if Defendant's claims were meritorious, they did not allow Defendant to remove his case to federal court. (Id.) Following Magistrate Judge Dickson's issuance of the Report and Recommendation, Defendant filed a timely Objection and Opposition to remand pursuant to Federal Rule of Civil Procedure 72(b)(2). This Court reviews this matter *de novo*.

## II.    LEGAL STANDARD

The Court has a continuing responsibility to raise the issue of subject matter jurisdiction sua sponte when, as here, it is in question. See, e.g., Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002). The Court notes that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. union Switch & Signal Div., 809 F.2d 1006,1010 (3d. Cir 1987)). "The presence or absence of a federal question is governed by

the 'well-pleaded complaint rule', which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Palmer v. Univ. of Med. & Dentistry of N.J., 605 F. Supp 2d 624,632 (D.N.J. 2009) (finding that, in an employee action against employer and supervisor raising a state law retaliation claim, employers could not remove the case based solely on supervisor's cross-claim alleging that his employment was terminated in violation of the First Amendment).

Moreover, "for both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question." Id. At 633 (emphasis added) (quoting Redevelopment Agency of San Bernardino v. Alvarez, 288 F. Supp. 2d 455, 458 (D.N.J. 2013) ("[t]he removability of a legal matter is determined from the plaintiff's pleadings at the time of removal"). Indeed, the United States Supreme Court has found, in no uncertain terms, that a counterclaim asserting a federal cause of action is not sufficient to establish "federal question" jurisdiction under 28 U.S.C. §1331. Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002).

## III.    DISCUSSION

At present, Defendant has failed to establish subject matter jurisdiction. In Defendant's Objection and Opposition to Remand Brief (ECF No. 13), Defendant states that he failed to comply with the June 5, 2014 Order to provide a copy of the Complaint because he was never served with the summons and complaint in the present matter.[2] (Id. at 3). The court cannot

---

[2] It is worth noting that Judge Dickson recommended that this matter be remanded to state court not as a sanction for Defendant's failure to provide the Complaint, but rather because Defendant failed to establish that the Court had subject matter jurisdiction.

determine whether subject matter jurisdiction is present and removal is proper, however, without analyzing the original pleading to see if the complaint presents a federal question on its face. The Court has provided the Defendant with adequate time to obtain a copy of the Complaint in the present matter. Moreover, the Court has construed Defendant's alternate submission liberally. Specifically, Defendant's June 23, 2014 letter, (ECF No. 7), contained what purported to be an unfiled pleading that the Defendant himself drafted. Even if this were to be considered a valid counter-claim, Defendant would still not meet the minimum requirements of proper removal because a court must look to original complaint to determine if it has jurisdiction. Therefore, despite the multiple opportunities afforded to him, Defendant has failed establish that the District Court has subject matter jurisdiction over the parties' dispute.

## IV.    CONCLUSION

Having thoroughly reviewed Magistrate Judge Dickson's July 22, 2014 Report and Recommendation and Defendant's objection thereto, this Court hereby adopts the Report and Recommendation as to its findings of fact and conclusions of law. This matter is hereby **REMANDED** to New Jersey Superior Court.

An appropriate Order accompanies this Opinion.

DATED:  August 28, 2014

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE